476 A.2d 967

**Jerry J. ELIAS and Alice Faye Elias, his wife, Jerry J. Elias, Administrator of the Estate of Anthony J. Elias, Deceased, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Submitted Nov. 2, 1983.

Filed June 1, 1984.

P. Daniel Altland, Harrisburg, for appellants.

Richard H. Wix, Harrisburg, for appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WICKERSHAM, Judge:

Appellants commenced this action in assumpsit for recovery of survivors' loss benefits and work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act[1] as a result of an automobile accident that occurred on November 30, 1978 in Lower Allen Township, Cumberland County. The accident resulted in the death of appellants' son, Anthony J. Elias, who was a passenger in a motor vehicle that collided with a train.

In count I of their complaint, appellants alleged that they were entitled to recover survivors' loss benefits under the No-Fault Act as a result of the death of their son. Appellee State Farm filed a motion for partial summary judgment as to count I of the complaint. By order dated October 27, 1980, the Honorable Warren G. Morgan granted appellee's motion and dismissed that count. The court found as a matter of law that the appellants were not financially and economically dependent upon decedent at the time of death, and therefore, not entitled to survivors' loss benefits under the No-fault Act. No appeal was taken from that order.

In count II of the complaint, appellants alleged that they were entitled to claim work loss benefits on behalf of their son's estate. By order of March 31, 1982, the Honorable Clarence C. Morrison dismissed count II of the complaint on

---

1. Act of July 19, 1974, P.L. 489, No. 176, §§ 101 *et seq.*, 40 P.S. §§ 1009.101 *et seq.*

State Farm's motion for summary judgment. This timely appeal followed.

The sole issue raised in this appeal is as follows:

Whether work loss benefits are payable under the Pennsylvania No-Fault Motor Vehicle Insurance Act to the estate of a deceased victim who was not survived by a spouse or other relative dependent upon him for financial support.

Brief for Appellant at 3.

In *Freeze v. Donegal Mutual Insurance Co.*, 301 Pa.Super. 344, 447 A.2d 999 (1982), our court held that a deceased victim's estate *is* entitled to work loss benefits. The Pennsylvania Supreme Court, speaking through Mr. Justice Larsen, affirmed our holding in *Freeze v. Donegal Mutual Insurance Co.*, 504 Pa. 218, 470 A.2d 958 (1983).

Upon a close and careful examination of the No-fault Act, we find no language which precludes the recovery of work loss benefits to the estate of a deceased victim.

. . . .

Appellant argues that the language, '*any victim or any survivor of a deceased victim* is entitled to recover basic loss benefits,' demonstrates the legislative intent that only survivors of a deceased victim and not the estate may receive wage loss benefits. Apparently, this is because the estate of a deceased victim is not specifically mentioned.

The appellant's argument, however, overlooks the very basic and fundamental fact that a person who dies as a result of injuries sustained in a motor vehicle accident is, within the meaning of the No-fault Act, a *victim*.[11]

[11] 'Victim' means an individual who suffers injury arising out of the maintenance or use of a motor vehicle; 'deceased victim' means a *victim* suffering death resulting from injury. [emphasis supplied] Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 103, 40 P.S. §§ 1009.103.

That an injured victim is entitled to basic loss benefits under the Act is beyond question. The fact that a 'victim' dies as a result of his injuries and becomes, a 'deceased victim,' makes him no less a 'victim' entitled to benefits

under the provisions of the Act. A personal representative in the person of the executor or administrator of his estate stands in the shoes of the deceased victim as far as entitlement to benefits is concerned. The event of a victim's death activates the rights of statutory survivors to benefits under the Act. However, the activation of survivor's rights does not diminish or erase the victim's rights even though he now be a deceased victim. If it was intended that a victim's right to benefits be extinguished at his death, the legislature could have and would have said so directly.

*Id.*, 504 Pa. at 222–224, 470 A.2d at 960–61 (emphasis in original).

Thus, *Freeze* has made it clear that the estate of a deceased victim may recover work loss benefits under the No-Fault Act. The order is reversed and the case remanded for disposition not inconsistent with this opinion. Jurisdiction is relinquished.